IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD P. MEYERS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| METROPOLITAN LIFE INSURANCE COMPANY, | : | |
|     Defendant. | : | No. 12-3699 |
| | : | |

MEMORANDUM

Schiller, J.                                                                                                                                                March 6, 2013

Gerald Meyers brings a claim for wrongful denial of life insurance benefits. Before the Court is Metropolitan Life Insurance Company's ("MetLife") motion for summary judgment. For the reasons set forth below, the Court denies the motion and remands the case for lack of jurisdiction.

I.      BACKGROUND

Prior to 2011, Plaintiff's wife, Joanne Meyers, worked for the law firm Marshall, Dennehey, Warner, Coleman & Goggin ("Marshall Dennehey"). (Def.'s Statement of Undisputed Facts [Def.'s SOF] ¶ 3.) While employed by Marshall Dennehey, Joanne Meyers participated in a Group Life and Accidental Death and Dismemberment Insurance Benefit Plan (the "Plan"), which provided $50,000 in group life insurance coverage. (*Id.* ¶ 4.) MetLife issued to Marshall Dennehey a group insurance policy to fund benefits payable under the Plan. (*Id.* ¶ 2.)

On December 31, 2010, Joanne Meyers's employment with Marshall Dennehey was terminated. (*Id.* ¶ 9.) MetLife claims that, when she stopped working at Marshall Dennehey, her coverage under the Plan terminated. (*Id.*) According to the Plan documents, an insured could convert

her group life insurance policy to an individual life insurance policy either within thirty-one days of the group coverage ending or, in certain situations, within fifteen days after the insured was provided with notice of her conversion rights. (Def.'s Mot. for Summ. J. Ex. D [Policy] at 35-36.) However, consistent with Pennsylvania law, the application period to convert the group policy to an individual policy could not exceed ninety-one days from when the insurance terminated. (*See id.* at 35.); 40 Pa. Cons. Stat. § 532.7. If the insured converts the Plan or dies within the conversion period, her beneficiary is entitled to benefits. (Def.'s SOF ¶ 8.) However, if the insured fails to apply for conversion and dies outside of the conversion period, then the beneficiary is not entitled to benefits. (*See id.* ¶ 10.) Joanne Meyers never applied to convert her group policy to an individual policy. (*Id.* ¶ 14.) No one contests that the Plan was "delivered in and governed by the laws of Pennsylvania." (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. F [Insurance Policy Introduction] at 1.)

The motion for summary judgment hinges, in part, on whether MetLife provided Joanne Meyers with notice of her conversion rights in accordance with 40 Pa. Cons. Stat. § 532.7. MetLife states that it mailed Joanne Meyers a letter outlining her conversion rights on December 30, 2010. (Def.'s SOF ¶ 12.) Plaintiff states that he and his wife never received any letter from MetLife. (Pl.'s Resp. to Def.'s SOF ¶ 10.) Joanne Meyers died on March 23, 2011, eighty-two days after her employment was terminated. (*See* Def.'s SOF ¶ 13.)

On May 22, 2012, Plaintiff sued MetLife in the Chester County Court of Common Pleas, claiming that he was entitled to benefits under 40 Pa. Cons. Stat. § 532.7. Defendant removed the case on June 29, 2012 based on its argument that 40 Pa. Cons. Stat. § 532.7 is preempted by the Employee Retirement Income Security Act ("ERISA"). Defendant filed a motion for summary judgment on February 1, 2013, arguing in part that Plaintiff's claim is preempted by ERISA, thereby

requiring dismissal of the claim. (*See* Def.'s Br. in Supp. of Mot. for Summ. J. at 6-9.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine factual issue. *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992). When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable finder of fact to find for the nonmoving party at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, a court must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010) (internal quotation marks omitted). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993).

## III. DISCUSSION

The question before the Court is whether 40 Pa. Cons. Stat. § 532.7 is preempted by ERISA. Based on the following analysis, the Court finds that the statute is not preempted.

3

### A. Pennsylvania Notice of Conversion Statute

Pennsylvania law sets out requirements for when "any individual insured under a group life insurance policy hereafter delivered in [Pennsylvania] becomes entitled under the terms of such policy to have an individual policy of life insurance issued to him." 40 Pa. Cons. Stat. § 532.7. Under the statute, "[i]f the insured is not notified of the conversion privilege at least fifteen days prior to the expiration of the [conversion] period, the insured is entitled to an additional sixty day period in which to exercise such right." *Harris v. St. Christopher's Hosp. for Children*, 436 A.2d 203, 203 (Pa. Super. Ct. 1981); *see also* 40 Pa. Cons. Stat. § 532.7. The statute explains that "[w]ritten notice presented to the individual or mailed by the policyholder to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this section." 40 Pa. Cons. Stat. § 532.7.

### B. ERISA Preemption

ERISA "protect[s] . . . the interests of participants in employee benefits plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to the Federal courts." *See* 29 U.S.C. § 1001(b). Congress enacted ERISA, in part, because "the continued well-being and security of millions of employees and their dependents are directly affected by these plans" and "owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries . . . that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans." *Id.* § 1001(a).

ERISA contains a broad preemption provision declaring that the statute shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.*

4

§ 1144(a). None of the parties disputes that the Plan is an "employee benefit plan" covered by ERISA. However, although "ERISA broadly pre-empts state laws that relate to an employee-benefit plan," a saving clause provides that nothing in ERISA "shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." *See id.* § 1144(b)(2)(A); *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 733 (1985). Defendant argues that, because the Pennsylvania statute "relates to" an ERISA plan, the statute is preempted. Plaintiff, on the other hand, argues that 40 Pa. Cons. Stat. § 532.7 is a law "which regulates insurance" and is thereby not preempted by ERISA.

### C. Pennsylvania Notice of Conversion Statute Regulates Insurance

A statute which "regulates insurance" is not preempted by ERISA. *See* 29 U.S.C. § 1144(b)(2)(A). When determining whether a statute "regulates insurance" for purposes of ERISA preemption, the Supreme Court has established a two-prong test: (1) the state law must be specifically directed towards entities engaged in insurance; and (2) the state law must substantially affect the risk pooling arrangement between the insurer and the insured. *See Ky. Ass'n of Health Plans v. Miller*, 538 U.S. 329, 341-42 (2003). In evaluating the second prong, "even statutes with indirect effects on risk pooling arrangements have been found to regulate insurance." *Benefit Concepts v. Macera*, 413 F. Supp. 2d 404, 408 (E.D. Pa. 2005) (citing *Miller*, 538 U.S. at 339).

The Court finds the state law fulfills both *Miller* requirements and therefore is not preempted. First, the state law is specifically directed towards entities engaged in insurance. When the Pennsylvania legislature passed 40 Pa. Cons. Stat. § 532.7, the provision was part of an act which solely regulated group life insurance policies. *See* Act of May 11, 1949, Pub. L. No. 1210. The text of the statute also makes abundantly clear that it applies only in the insurance context, and imposes

5

notice requirements only on policyholders or insurers of group life insurance policies; that is, it bestows rights only on insured parties as it pertains to their insurance policies. Therefore, the Court finds that this satisfies the first *Miller* requirement. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 375-76 (1999) (finding against preemption because the statute at issue "focuse[d] on the insurance industry" and did "not merely have an impact on the insurance industry; it [was] aimed at it"); *Ne. Hosp. v. Macko*, No. 7538, 1988 WL 679871, at *114 (Ct. Comm. Pl. Phila. Cnty. Oct. 17, 1988) ("Finally, the [notice] statutes only address group accident and sickness insurance policies; therefore they are limited to entities within the insurance industry.").

Second, 40 Pa. Cons. Stat. § 532.7 substantially affects the risk pooling arrangement between the insurer and the insured. The statute essentially writes an additional term into insurance policies that may require the insurer to insure a person for longer than the policy provides. The effect of the statute is to lessen the risk associated with an insured not knowing her conversion rights, and distribute some of that risk to the insurer or policyholder. The Court finds that a statute which extends the time period in which an insured must pay benefits substantially affects the risk pooling arrangement between the insurer and the insured. Therefore, the second *Miller* requirement is also fulfilled. *See Ward*, 526 U.S. at 374 (deciding against preemption when the statute "effectively create[d] a mandatory contract term" that changed the requirements an insurer must fulfill before enforcing certain claims); *Miller*, 538 U.S. at 339 n.3 ("[A state statute] which dictates to the insurance company the conditions under which it must pay for the risk that it has assumed . . . qualifies as a substantial effect on the risk pooling arrangement between the insurer and insured."); *Rosenbaum v. Unum Life Ins. Co. of Am.*, Civ. A. No. 01-6758, 2003 WL 22078557, at *6 (E.D. Pa. Sept. 8, 2003) (finding statute was not preempted because it "dictated terms between insurers and

6

insureds which prevented insurers from deflecting risk in the policy").

MetLife relies primarily on two cases to support its position that the statute is preempted by ERISA. It cites *Estate of Trovato v. Marcal Manufacturing, LLC*, Civ. A. No. 11-181, 2011 WL 4550169 (D.N.J. Sept. 29, 2011), which found that a similar New Jersey notice of conversion statute was preempted by ERISA, and *Terry v. Northrop Grumman Health Plan*, Civ. A. No. 12-263, 2012 WL 6823478 (M.D. Pa. Dec. 3, 2012), which relied on *Trovato* to find that 40 Pa. Cons. Stat. § 532.7 was preempted by ERISA.

The Court finds the reasoning in *Trovato* and *Terry* to be unpersuasive. As to the first *Miller* prong, relying on the fact that the statutes allowed either the employer or insurer to provide the conversion notice, both courts found that the statutes at issue were "not specifically directed to the insurance industry, but rather may be directed toward either the insurer or the employer." *Terry*, 2012 WL 6823478, at *7; *Trovato*, 2011 WL 4550169, at *4. The Court does not agree that a statute fails the first *Miller* factor merely because it may impose requirements on or affect a non-insurer. In *Miller*, the Supreme Court made clear that the first *Miller* factor examines whether the statute "regulate[s] *insurance*, not insurers." *Miller*, 538 U.S. at 334. It clarified further that "ERISA's saving clause does not require that a state law regulate 'insurance *companies*' or even '*the business of insurance*' to be saved from pre-emption; it need only be a 'law . . . which regulates insurance . . . .'" *Id.* at 336 n.1. In fact, the Supreme Court rejected a defendant's argument that, because the Kentucky law at issue applied to all HMOs, including HMOs that did not act as insurers, the Kentucky law was not "specifically directed toward" the insurance industry. *See id.* It is beyond dispute that the Pennsylvania statute, while applying to employers or insurers, regulates insurance and operates only in the insurance context.

7

As to the second factor, both cases merely state that, because "the statute simply regulates the notice of rights, it cannot be said to substantially affect the risk pooling between the insurer and the insured." *Terry*, 2012 WL 6823478, at *7; *Trovato*, 2011 WL 4550169, at *4. However, neither *Trovato* nor *Terry* addresses the result of a failure to give notice—extension of the insurance policy and entitlement to benefits thereunder for an additional period. As discussed above, the Court finds that the statute "substantially affects the risk pooling between the insurer and the insured." *See Hall v. Pennwalt Grp. Comprehensive Med. Expense Benefits Plan*, 746 F. Supp. 507, 510 (E.D. Pa. 1988) (finding no preemption because "the statute mandates action on the part of the insurer and the policyholder/employer, [and] those entities, rather than the insured, would be required to pay for the medical expenses that would have been covered under the individual policy of insurance had the insured been notified of the right to convert").

Based on the Court's analysis of the *Miller* factors, the Court finds that 40 Pa. Cons. Stat. § 532.7 is not preempted by ERISA. It is clear from the text, legislative history, and effect of the statute that it "regulates insurance" in accordance with 29 U.S.C. § 1144(b)(2)(A).

### IV.  CONCLUSION

In the Complaint, Plaintiff raised only a state law claim. Because that claim is not preempted by ERISA, there is no federal question presented by this case. The Court will therefore remand the case to the Chester County Court of Common Pleas. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *id.* § 1367(c)(2) ("A district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original

jurisdiction . . . ."). An Order consistent with this Memorandum will be docketed separately.